**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT

BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

June 15, 2005

John E. Harmelink, Esq.
Counsel for Debtors
Post Office Box 18
Yankton, South Dakota  57078

Paul H. Linde, Esq.
Counsel for Hauge Associates, Inc.
2320 West 49th Street
Sioux Falls, South Dakota  57105

       Subject: *In re Michael J. and Amy J. Groetken*,
                Chapter 7; Bankr. No. 05-40215

Dear Counsel:

    The matter before the Court is the Motion for Return of Garnished Funds filed by Debtors and the response filed by Hauge Associates, Inc. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, the motion will be denied.

    *Summary*. Michael J. and Amy J. Groetken ("Debtors") filed a Chapter 7 petition on February 25, 2005. In their schedules filed March 7, 2005, Debtors did not list any funds or other property that was held by another person.[1]

    On March 17, 2005, Debtors filed a Motion for Return of Garnished Earnings. Therein, Debtors stated that Hauge and

---

    [1] As an apparent attempt at a "catch-all" entry, Debtors listed under their personal property schedule, question 33, "Misc. personal property not otherwise listed," and they claimed this same miscellanea exempt at a value of $50.00. No one timely filed an objection to Debtors' claimed exemptions. Question 33 on SCHEDULE B - PERSONAL PROPERTY directs a debtor to list "Other personal property of any kind not already listed. Itemize." Debtors obviously did not itemize as directed.

*In re Michael and Amy Groetken*
June 15, 2005
Page 2

Associates had garnished Debtor Michael Groetken's wages and that on February 28, 2005, Hauge and Associates received $202.89 in garnished wages. Debtors wanted this money returned to them. They argued Hauge and Associates had violated the automatic stay when they received the garnishment.

Hauge and Associates timely objected to Debtors' Motion. It stated it did not object to returning the funds but argued the funds belonged to the bankruptcy estate, not Debtors, under 11 U.S.C. § 541. Hauge and Associates also stated it learned of Debtors' bankruptcy the same day it received the garnished wages.

By letter dated April 7, 2005, the Court directed Debtors to provide wage statements regarding the garnished funds. The Court advised Debtors that the funds would be paid to them only if the money was not property of the estate, *i.e.*, only if the wages were earned post-petition. Debtors filed two wage statements on May 20, 2005. The first was for work performed by Debtor Michael Groetken between January 16 and 29, 2005, when $215.90 was garnished, and the second was for work performed by Debtor Michael Groetken between January 29 and February 12, 2005, when $202.89 was garnished. Since Debtors' filed their petition on February 25, 2005, the wages that were garnished were all earned pre-petition.

*Discussion*. The Court agrees with Hauge Associates that the garnished funds it received on February 28, 2005, belong to the bankruptcy estate. The funds represent pre-petition wages, and those pre-petition wages are estate property. 11 U.S.C. § 541(a)(1) and (a)(3). Hauge Associates properly turned over the garnished funds to the case trustee.

Debtors have no claim to these garnished wages. They did not declare the funds exempt, nor could they do so since S.D.C.L. § 21-18-53 limits the extent to which wages are protected by state law exemptions. *See In re Gregory D. Zike, Sr.*, Bankr. No. 03-41477, slip op. (Bankr. D.S.D. Dec. 30, 2003).

The Court also concludes that Debtors are not entitled to any damages. Hauge and Associates did not garnish any additional wages once it learned of the bankruptcy. It promptly paid over the wages to the case trustee when a dispute arose. Thus, there was no willful violation of the stay as required for damages under 11 U.S.C. § 362(h). Moreover, Debtors also did not identify any damages they incurred.

*In re Michael and Amy Groetken*
June 15, 2005
Page 3

    Debtors' Motion for Return of Garnished Earnings will be denied. Each party shall bear their own costs, including attorneys' fees. An appropriate order will be entered.

                                       Sincerely,

                                       Irvin N. Hoyt
                                       Bankruptcy Judge

INH:sh

CC:   case file (docket original; serve parties in interest)

---

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

**JUN 15 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By /s/

**NOTICE OF ENTRY**
Under F.R.Bankr.P. 9022(a)
Entered

**JUN 15 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Fite & Pierce Law Office
PO Box 524
Brookings, SD 57006


Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321


Amy L. Groetken
Michael J. Groetken
3204 So. Westbrooke Lane
Apt. 201
Sioux Falls, SD 57106


John E. Harmelink
PO Box 18
Yankton, SD 57078


Paul H. Linde
2320 W. 49th Street
Sioux Falls, SD 57105


Lee Ann Pierce
Trustee
PO Box 524
Brookings, SD 57006